IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

MARKEYIS WALLACE,

        Defendant.

ORDER

09-cr-157-jdp-1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Markeyis Wallace's supervised release was held on February 2, 2017, before U.S. District Judge James D. Peterson. Assistant U.S. Attorney Laura A. Przybylinski Finn appeared for the government. Defendant was present in person and by counsel Kelly Welsh. Also present was U.S. Probation Officer Jelani Brown.

From the record, I make the following findings of fact.

FACTS

Defendant was sentenced by the Honorable Barbara B. Crabb in the Western District of Wisconsin on May 18, 2010, following his conviction for distribution of five or more grams of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). This offense is a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to

serve a 60-month term of imprisonment, with a 48-month term of supervised release to follow. Defendant began his term of supervised release on October 1, 2013.

On September 11, 2015, defendant's term of supervised release was modified to include special conditions that he participate in a 14-day drug treatment placement at a residential reentry center, and participate in a 90-day home detention program to include location monitoring. The modification was made in response to a growing pattern of noncompliance that included a citation for disorderly conduct following a domestic dispute with his ex-girlfriend in March 2015; a citation for possessing marijuana and resisting an officer in July 2015; a citation for domestic abuse after allegedly striking his ex-girlfriend at a gas station in Madison, Wisconsin, in August 2015; and arrests on August 10, 2015, and August 31, 2015, for operating while intoxicated. Defendant successfully completed the residential reentry center program on December 15, 2015.

Following defendant's discharge from the residential re-entry center, he continued to violate his conditions of supervised release. He violated Special Condition No. 4 requiring him to abstain from the use of illegal drugs. On December 17, 2015, and July 13, 2016, defendant submitted urine specimens that tested positive for marijuana. On July 13, 2016, he submitted a urine specimen that tested positive for cocaine and admitted that he used the drug. On August 17, 2016, defendant submitted a breath test that was positive for alcohol and admitted that he had consumed alcohol. On December 24, 2016, defendant submitted a positive alcohol breath test on a portable alcohol-testing device.

Defendant further violated his mandatory condition requiring that he not commit another federal, state, or local crime when on August 23, 2016, he pled guilty to possession of cocaine in

Dane County, Wisconsin, Circuit Court Case No. 16CM729.  He was sentenced to 45 days' jail, which he satisfied on November 26, 2016.

On December 5, 2016, defendant agreed to attend a residential substance abuse program beginning on January 5, 2017.  On January 5, 2017, defendant reported to Rock Valley Community Programs, Inc. (RVCP) in Janesville, Wisconsin, for a 90-day residential treatment program. Immediately upon arrival, defendant took issue with program rules related to cellular phone privileges and the prohibition of cigarettes on facility grounds.  On January 8, 2017, defendant removed himself from the treatment program, without permission, and refused to return.

Defendant has prior convictions for controlled substances offenses in Dane County, Wisconsin, Circuit Court; and Cook County, Illinois, Circuit Court.  Pursuant to the Seventh Circuit Court of Appeals decision in *United States v. Trotter*, 270 F. 3d 1150, 1152 (7th Cir. 2001), any subsequent illegal possession could constitute a felony offense.  If I find that defendant's prior convictions constitute a felony, his conduct falls into the category of a Grade B violation, as defined at § 7B1.1(a)(3)(B) of the Guidelines Manual.  If I determine that defendant possessed a controlled substance when he used the controlled substances as alleged above, I am to revoke supervision pursuant to 18 U.S.C. § 3583(g)(1).

## CONCLUSIONS

Defendant's violations are serious and would warrant revocation of Mr. Wallace's supervised release. However, I will withhold sentencing for 120 days, to see if defendant successfully completes a 90-day specialized treatment program at Rock Valley Correctional Programs, Inc.

ORDER

IT IS ORDERED that sentencing be postponed for 120 days. Defendant shall remain on supervised release and comply with the conditions of his supervision as previously ordered on May 18, 2010, and modified on September 11, 2015. He shall also be placed in the specialized 90-day treatment program at Rock Valley Correctional Programs, Inc., and comply with the rules of the program. My sentencing decision will largely depend on defendant's conduct during the next 120 days.

Entered this 2nd day of February 2017.

BY THE COURT:

/s/
_____
James D. Peterson
District Judge